UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 5:19-cv-482-JSM-PRL |
| Plaintiff, | |
| v. | |
| EFUEL EFN CORP., SLAVOLJUB STEFANOVIC, and LJUBICA STEFANOVIC, | |
| Defendants. | |

**FINAL JUDGMENT AS TO DEFENDANT SLAVOLJUB STEFANOVIC**

The Securities and Exchange Commission ("Commission"), having filed a Complaint on September 24, 2019, and Defendant Slavoljub Stefanovic ("Defendant"), having filed an Answer to the Complaint on January 9, 2020, and the Court having granted the Commission's motion for summary judgment on the sole Count of the Complaint on November 12, 2021, the Court now grants the Commission's motion to enter judgment (Dkt. 63) pursuant to the Court's request for proposed Final Judgments. The Court notes that Defendants' Response (Dkt. 66) is without merit and does not provide any reasonable basis to decline entering final judgment. Accordingly, for the reasons stated in the Court's Order granting summary judgment (Dkt. 59) and for the reasons stated in the Commission's motion to enter judgment (Dkt. 63), which explains in detail the remedies requested, the Court enters this Final Judgment.

1

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) any investment in securities; (B) the prospects for success of any product or company; (C) the use of investor funds or investment proceeds; (D) the safety of any securities investment; (E) Orders issued against the issuer or entity that is the subject of the investment by State or Federal Enforcement Agencies; (F) the financial status of the issuer or entity that is the

subject of the investment; or (G) the management of the issuer or entity that is the subject of the investment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rules of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in section (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $3,034.88, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $546.43, for a total of $3,581.31, and a civil penalty in the amount of $97,523.00 pursuant to [15 U.S.C. § 78u(d)(3)(B)].  Defendant shall satisfy this obligation by paying $101,104.31 to the Securities and Exchange Commission within thirty (30) days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at https:/www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur
>  Boulevard Oklahoma City, OK
>  73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court, Slavoljub Stefanovic as a defendant in this action, and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this

4

payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after thirty (30) days following entry of this Final Judgment. Defendant shall pay post judgment interest on any amounts due after thirty (30) days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment for a period not to exceed one (1) year from the date of the entry of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE** and **ORDERED** in Tampa, Florida, this January 5, 2022.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record